```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                      SOUTH BEND DIVISION

CLIFFORD JONES,                )
                               )
Petitioner,                    )
                               )
vs.                            )    CAUSE NO. 3:16-CV-130
                               )
SUPERINTENDENT,                )
                               )
Respondent.                    )
```

**OPINION AND ORDER**

This matter is before the Court on the: (1) 28 U.S.C. § 2254 Habeas Corpus Petition by a State Prisoner Challenging a Prison Disciplinary Proceeding, filed by Clifford Jones, a *pro se* prisoner, on March 9, 2016; and (2) Motion to Dismiss, filed by the Respondent on June 27, 2016. For the reasons set forth below, the motion to dismiss (DE 7) is **GRANTED** and the petition (DE 1) is **DISMISSED as moot.**

BACKGROUND

Clifford Jones filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his loss of 90 days earned credit time and a demotion from credit class I to credit class II. On November 11, 2015, in case number MCF 15-10-0197, a Disciplinary Hearing Body ("DHB") at Miami Correctional Facility imposed that sanction after they found Jones guilty of possession or use of a controlled substance.

DISCUSSION

The respondent moves to dismiss, asserting that after the petition was filed, the Indiana Department of Correction reconsidered the case and has vacated the conviction and remanded for a new hearing. (DE 7-1; 7-3 at 6.) Accordingly, the respondent argues that the petition is now moot. Jones has not responded to the motion to dismiss.

Because Jones' disciplinary sanction has been vacated and the matter remanded for a new hearing, there is at present no punishment lengthening the duration of confinement for this court to review. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary determination in habeas proceeding only when he has received punishment that lengthens the duration of confinement). In other words, there is no longer a live controversy and the case must be dismissed as moot. *See Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated."). If Jones is dissatisfied with the outcome of the new disciplinary hearing, he can pursue his administrative remedies and, if necessary, seek relief in a new habeas petition.

CONCLUSION

For the reasons set forth above, the motion to dismiss (DE 7) is **GRANTED** and the petition (DE 1) is **DISMISSED as moot.**

DATED: July 27, 2016                    /s/RUDY LOZANO, Judge
                                        United State District Court